# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH MICHEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUMO LOGIC, INC., et al., <br><br> Defendants. | Case No. 23-cv-03665-BLF <br><br> **ORDER GRANTING MOTION FOR CLARIFICATION** <br><br> [Re: ECF No. 37] |

This is a putative class action alleging violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") against Sumo Logic, Inc. ("Sumo Logic"), Ramin Sayar, and Stewart Grierson ("Defendants"). ECF No. 18 ("Amended Complaint" or "AC"). On June 28, 2024, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. ECF No. 36 ("MTD Order"). Plaintiffs have filed a motion for clarification under Federal Rule of Civil Procedure 60(a). ECF No. 37 ("Mot."); ECF No. 39 ("Reply"). Defendants oppose. ECF No. 38 ("Opp."). For the reasons explained below, Plaintiffs' Motion for Clarification is GRANTED.[1]

"Under Federal Rule of Civil Procedure 60, a court may 'correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.'" *Mendoza v. Hyundai Motor Co., Ltd.*, No. 15-CV-01685-BLF, 2024 WL 189014, at *2 (N.D. Cal. Jan. 17, 2024) (quoting Fed. R. Civ. P. 60(a)). "[T]he clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation." *Id.* (internal quotation marks omitted). "The Local Rules of this district do not require a party to seek leave to move for clarification." *Id.*

---

[1] To the extent the changes made to the MTD Order constitute more than correction of a clerical error, the Court *sua sponte* reconsiders the order. *See* Fed. R. Civ. Proc. 54(b); Civ. L.R. 7-9(a).

1       Plaintiffs submit that the MTD Order contains a clerical error in the loss causation finding.
2  Plaintiffs argue that "the Court should not have dismissed Plaintiffs' Section 14(a) claims with
3  respect to Statements 4 and 5 on loss causation grounds for failure to plead a false or misleading
4  statement." Mot. at 2. Instead, Plaintiffs argue, "since Plaintiffs have adequately alleged
5  economic loss—and that Statements 4 and 5 are false or misleading—the Court should clarify that
6  Plaintiffs have adequately alleged loss causation with respect to Statements 4 and 5." *Id.*

7       Defendants respond that "[t]he Court's ruling on loss causation is correct because (1) the
8  Court found that there can be no loss causation where Plaintiffs have failed to allege that
9  Defendants negligently omitted material information from the Proxy, and (2) the Court correctly
10 held that Plaintiffs failed to show the required causal connection between the alleged wrongdoing
11 and the alleged economic loss." Opp. at 1.

12      The Court agrees with Plaintiffs that the MTD Order contains an inconsistency. In the
13 MTD Order, the Court found "that Plaintiffs have adequately alleged that Statements 4 and 5 are
14 false or misleading statements." MTD Order at 31. The Court also found that Plaintiffs'
15 "allegations do not plead negligence with the particularity required by Rule 9(b)" for those two
16 statements. *Id.* at 33. The Court also rejected Defendants' loss causation arguments, finding, *inter*
17 *alia*, that the alleged "difference in share price is enough to allege that the company was
18 undervalued." *Id.* at 35.

19      The Court then mistakenly wrote, "because Plaintiffs have not plausibly alleged that
20 Defendants made any false or misleading statements, they similarly fail to plead a proximate or
21 causal connection between the alleged fraud and the economic loss." *Id.* at 36:11–13. This
22 statement was a clerical error, and the statement is inconsistent with the Court's finding and
23 reasoning in section D of the MTD Order that "Plaintiffs have adequately alleged that Statements
24 4 and 5 are false or misleading statements." *Id.* at 31. The MTD Order will be corrected to reflect
25 that Plaintiffs have plausibly alleged that Defendants made false or misleading statements with
26 respect to Statements 4 and 5, and plausibly alleged proximate or causal connection between
27 Statements 4 and 5 and the economic loss.

28      The Court does not seek to "rewrite the loss-causation standard." *See* Opp. at 2. To that

2

point, the Court makes one clarifying change to Plaintiffs' proposed corrections.  In Plaintiffs' proposed order, they suggest the correction, "***because*** Plaintiffs have plausibly alleged that Defendants made false or misleading statements with respect to statements 4 and 5***, Plaintiffs plausibly plead*** a proximate or causal connection between statements 4 and 5 and the economic loss." ECF No. 37-1 at 1 (emphasis added).  Defendants express concern that with this change, "Plaintiffs argue that alleging economic loss alone is sufficient to plead loss causation." *Id.*  As Defendants note, "[t]o prove loss causation, plaintiffs need only show a causal connection between the fraud and the loss by tracing the loss back to the very facts about which the defendant lied." *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018) (cleaned up); *see* Order 35; Opp. at 2–3.  Consistent with *First Solar*, the Court's correction—that Plaintiffs have both alleged economic loss and traced the loss to Statements 4 and 5—makes clear that economic loss alone is not sufficient to allege a proximate or causal connection.

The Court will issue a corrected order implementing the change described above and other clerical changes offered by Plaintiffs.  The modifications in the corrected order can be found at 31:14, 36:10–18, and 37:12–15.

**IT IS SO ORDERED.**

Dated: August 5, 2024

_____
BETH LABSON FREEMAN
United States District Judge